UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. H.,<br><br>          Plaintiff,<br><br>          v.<br><br>BRENTWOOD UNION SCHOOL DISTRICT, et al.,<br><br>          Defendants. | Case No. 21-cv-00196-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>Docket No. 53 |

Plaintiff C.H., a minor, alleges that his substitute science teacher dragged him across a classroom by his hoodie when he was standing in a group of students chatting. The teacher allegedly targeted him based on his race as the only African American student in the group. The parties have reached a settlement after mediation. Pending before this Court is C.H.'s unopposed motion for an order approving the agreed-upon settlement under Fed. R. Civ. P. 17(c). For the reasons articulated at the hearing and below, the Court approves the settlement.

## I.    FACTUAL BACKGROUND[1]

On September 16, 2019, C.H was in his seventh-grade science class, standing in the classroom and talking with a group of approximately four classmates while waiting for the bell to ring. (Docket No. 24 ("FAC") at ¶ 5.) Other students in the class were also standing up chatting. (*Id.*) C.H. was wearing a sweatshirt, as were some other students in the class, including a White male student whom C.H. was standing next to and speaking to. (*Id.* at ¶ 6.) C.H. was the only African American student among that group. (*Id.*)

---

[1] The facts recited in this section are based on C.H.'s allegations in his first amended complaint.

Defendant Valerie Harrison was the substitute teacher for the class that day. (*Id.* at ¶ 7.) According to the complaint, Harrison walked behind where C.H. was standing, roughly grabbed him by the hood of his sweatshirt, pulled forcefully, and dragged him by his hood backward to his seat, all without warning and in front of all C.H.'s classmates. (*Id.*) While being dragged, C.H. told Harrison that the hood and hoodie zipper were choking him and that he was having trouble breathing. (*Id.*) Harrison allegedly ignored C.H.'s pleas, continued dragging him to his seat, and physically forced him down onto his seat. (*Id.*) As a result, the hoodie zipper scratched C.H.'s neck. (*Id.* at ¶ 9.) C.H. was terrified and shocked by the unprovoked physical assault. (*Id.* at ¶ 10.)

After learning about the incident, C.H.'s mother called his school's Vice Principal and left a voicemail, but she did not receive a call back. (*Id.* at ¶ 11.) C.H. attended Harrison's class in the following days, fearful and anxious. (*Id.*) Four days after the incident, C.H.'s mother spoke to the Vice Principal who contacted the school's Resource Officer and reported the assault for the first time. (*Id.* at ¶ 12.)

## II.     PROCEDURAL BACKGROUND

C.H. brought this action against Harrison and his school district (the "District") in January 2021. (Docket No. 1.) After defendants' motions to dismiss, five claims survived, including two claims under 42 U.S.C. § 1983 against Harrison, claims for battery, intentional infliction of emotional distress, and negligence against both defendants. (Docket Nos. 23, 32.)

After a full day mediation, the parties reached a settlement in the amount of $75,000, plus reimbursement of C.H.'s share of the cost of mediation ($4,707.68). (Docket No. 53-1 ("Coll Decl.") at ¶ 2.) Out of the $75,000, C.H. and his counsel are to receive $40,000 and $21,295.78, respectively. (*Id.*) The remaining goes to costs, including expert, deposition, and other costs. (*Id.*)

## III.     ANALYSIS

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this

special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (internal quotation marks and quotation omitted). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* at 1182.

C.H.'s net recovery of $40,000 is fair and reasonable for this one-time incident that caused him emotional distress and left an abrasion on his neck from the hoodie zipper, especially in light of the average recovery in similar cases. *See, e.g.*, *J.K. v. Gold Trail Union Sch. Dist.*, No. 2:20-cv-02388-MCE-AC, 2022 U.S. Dist. LEXIS 121686, at *4 (E.D. Cal. Jul. 8, 2022) ($28,456.50 to minor whose school district failed to protect from racial discrimination at school); *Ramos v. San Jose Unified Sch. Dist.*, No. 5:17-cv-07202-EJD, 2019 U.S. Dist. LEXIS 29706, at *4-6 (N.D. Cal. Feb. 22, 2019) (a one-time deposit of $15,000 plus $70,450 for a settlement annuity over 5 years for a non-verbal disable minor dragged across floor by school aide); *M.D. v. Rosedale Union Sch. Dist.*, 2009 U.S. Dist. LEXIS 41118, at *2-4 (E.D. Cal. May 13, 2009) ($9,999.00 compromise for minor who was verbally and physically beaten at school by other students based on her gender and perceived sexual orientation); *Walden v. Moffet*, No. CV-F-04-6680 LJO DLB, 2007 U.S. Dist. LEXIS 71490, at *2 (E.D. Cal. Sept. 26, 2007) ($13,349 to minor subjected to various racial and religious discrimination in 42 U.S.C. § 1983 action). Approving the settlement would allow C.H. to move forward with his life. C.H. and his mother, who is his guardian ad litem, agree that the court should approve the settlement. (Coll Decl. at ¶ 3.) Although not essential to the analysis, the Court notes that the attorney fee portion of the total settlement amount is proportionately in line with the contingency percentage typically charged by attorneys.

### IV. CONCLUSION

The Court **GRANTS** C.H.'s motion and approve the proposed settlement. Defendants shall prepare and deliver the settlement fund proceeds within thirty days from the date of service of this Order. $40,000.00 shall be deposited into a blocked account in the name of the minor plaintiff within twenty-one days of receiving the settlement funds.

This order disposes of Docket No. 53.  The Clerk of the Court is instructed to close the case.

**IT IS SO ORDERED**.

Dated: February 28, 2023

_____
EDWARD M. CHEN
United States District Judge